■ INES VINCENT, Respondent, v VICTOR VINCENT, Appellant. — In an action, *inter alia,* to impress a constructive trust upon certain real property, the appeal is from a judgment of the Supreme Court, Kings County, dated December 7, 1979, which, after a nonjury trial, *inter alia,* determined that plaintiff and defendant hold the property as tenants in common, with a share of six sevenths and one seventh, respectively. Judgment affirmed, with costs. Although technically the parties obtained title to the subject property as joint tenants since they held themselves out to be married (see EPTL 6-2.2), we believe that the Trial Justice acted properly in concluding that the parties hold the property as tenants in common. The testimony reveals that plaintiff provided the majority of the funds, almost $28,000, toward the purchase and improvement of the realty, while the defendant only contributed a little less than $3,800. Moreover, the defendant had encouraged the plaintiff to purchase the premises as husband and wife in

order to facilitate the obtaining of a mortgage and had promised her that after the closing he would deed back the premises to her. Nevertheless, after the closing, he refused to do so, and now claims that he is joint owner of the property. We disagree. While a party may legally hold joint title to property, a constructive trust will be imposed if it can be shown that the property was acquired under such circumstances that the holder of the legal title should not, in good conscience, retain it (see *Matter of Grasta,* 61 AD2d 1120). Under the circumstances present, if the defendant were permitted to retain joint title, he would be unjustly enriched (see *Sharp v Kosmalski,* 40 NY2d 119; *Miller v Merrell,* 73 AD2d 128; *Tomaino v Tomaino,* 69 AD2d 267; *Thorne v Thorne,* 66 AD2d 397). Therefore, it was proper for Trial Term to impress a constructive trust and adjudge the parties to be tenants in common with each party being given a share in proportion to his or her investment in the property (see *Miller v Merrell, supra).* We have considered the other points raised by the defendant and have found them to be without merit. Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.