OPINION OF THE COURT
Nicholas A. Clemente, J.
St. Anthony’s High School is owned and operated by the St. Francis Monastery, a religious corporation. The high school, one of the five in the Catholic Diocese of Rockville Centre, New York (Diocese), had been located in Huntington, New York, until and including the 1983-1984 school year.
In the fall of 1983 the Bishop of the Diocese determined that declining enrollment made it imprudent to operate all of the five high schools and continue the enormous subsidy required. The Bishop thus determined to consolidate the diocesan school system by closing three of the diocesan high schools and relocating St. Anthony’s High School from Smithtown to South Huntington.
This decision by the Bishop triggered a series of legal actions by a group of parents and students which must be noted here in order to place this action in perspective.
*117 I. THE CPLR ARTICLE 78 PROCEEDING
The determination to close St. Anthony’s apparently became public in December 1983 and a CPLR article 78 proceeding was commenced by James William and Joseph Mclnerney in Supreme Court, Suffolk County, in an attempt to stop the consolidation. In a memorandum decision dated May 23, 1984, the court (Corso, J.) dismissed the article 78 proceeding, inter alia, on the grounds that court intervention into the decision to relocate St. Anthony’s would violate US Constitution 1st Amendment and NY Constitution, article I, § 3, since it would be a direct intrusion into religious doctrine, practice and administration. At that time, the Mclnerneys were represented by the same attorney, who represents plaintiffs herein.
II. THE PREACTION DISCLOSURE MOTION
After the article 78 attempt to reverse the relocation of St. Anthony’s failed, Brian Connell and Frederick Yack, as parents, moved by order to show cause for discovery in regard to the St. Anthony’s situation so that a complaint could be framed.
In support of the requested relief, plaintiffs’ attorney submitted his own affirmation as well as affidavits from Yack and Connell and a brochure entitled "St. Anthony’s High School Development Program”.
Frederick Yack in his affidavit in support of the order to show cause for discovery averred that his son attended St. Anthony’s; that upon entering St. Anthony’s solicitations were received from the St. Anthony’s High School Development Fund which was maintained, administered and held in trust by the St. Francis Monastery which owns and operates St. Anthony’s; that representations were made verbally and in brochures that the funds collected would be used exclusively for the development, maintenance and improvement of the high school facilities in Smithtown and that he pledged $600 to the development fund for the purpose of improving the facilities in Smithtown. In addition, Yack expressed the belief that the development fund had not been exhausted.
Brian Connell in support of the motion submitted an almost identical affidavit except that he indicated that he pledged $400.
In a memorandum decision dated July 11, 1984, this court (Kramer, J.) denied the motion for the production of records *118 on the ground that "there is no indication that a cause of action does in fact exist” and that "the motion seeks nothing less than an invasion of the cloister without any indication of merit”.
III. THE COMPLAINT
Notwithstanding these conclusions by Special Term (Kramer, J.), plaintiffs commenced this action by summons and verified complaint dated October 18, 1984 against the St. Francis Monastery, St. Anthony’s High School, Edwin Gill and Hugh McGrath, as defendants.[1]
In the complaint, the St. Francis Monastery is identified as a religious corporation organized under the Religious Corporations Law of New York State. St. Anthony’s High School is said to be owned and operated by the St. Francis Monastery. Gill and McGrath are alleged to be members of the St. Francis Monastery with Gill being its religious head and McGrath the principal of St. Anthony’s.
The complaint then alleges that plaintiffs Connell and Yack were induced by St. Anthony’s to enroll their sons in the school; that plaintiffs upon receiving solicitations pledged and donated moneys to the St. Anthony’s Development Fund; that it was the belief and intent of plaintiffs that the donated funds would be used in conjunction with the operation of St. Anthony’s in Smithtown; that St. Anthony’s had made representations that donated money had, in fact, been used in the past to upgrade the Smithtown facilities; that a substantial amount of contributed funds that were donated to the development fund remain unutilized; that substantial moneys have been donated by numerous and unknown individuals to upgrade St. Anthony’s at Smithtown; and that said facility was substantially enriched and increased in value through the donations. Plaintiffs conclude by requesting in their ad damnum clause that "the court impress a trust upon both the real property, formerly known as St. Anthony’s High School of Smithtown and any and all funds which were collected through the St. Anthony’s Development Fund and which remain unused”.
IV. THE MOTIONS TO DISMISS AND/OR SUMMARY JUDGMENT
Thus, we arrive at the matter now before the court. Defen *119 dants move to dismiss the complaint pursuant to CPLR 3211 (a), or in the alternative, for summary judgment, pursuant to CPLR 3211 (c) and CPLR 3212. Plaintiffs cross-move for summary judgment on their complaint.
Defendants assert that the action is constitutionally barred because plaintiffs by this action are seeking to have the court impermissibly involve itself in supervision of a religious organization. Alternatively, defendants maintain that Justice Kramer’s decision denying preaction disclosure is a bar herein since the facts alleged in this complaint are a mere reiteration of the allegations upon which Justice Kramer denied preaction disclosure for failure to state a cause of action. Thus, it is argued, the plaintiffs are collaterally estopped and Justice Kramer’s decision is the law of the case. Finally, defendants contend that in any event plaintiffs have failed to state a claim cognizable at law.
Plaintiffs, on the other hand, maintain that there are no religious issues presented here but merely a property dispute between the parties. As to the law of the case or collateral estoppel arguments, they maintain that it is illogical to claim that denial of a motion for preaction disclosure should be applied so as to preclude the commencement of an action especially since the findings by Justice Kramer were both gratuitous and dicta. Plaintiffs’ final contention is that they contributed the money in reliance upon an express or implied promise that the funds would be used at Smithtown; that its use for other purposes would unjustly enrich the Franciscan Monastery; that plaintiffs never intended to contribute money for any other purpose and that a constructive trust should be imposed on the St. Anthony’s Development Program.
V. ANALYSIS
Defendants, in moving for relief, rely primarily on constitutional principles relating to the church/State relationship. Defendants by adopting this approach disregard the fact that a court should not pass upon a constitutional question if the case can be determined in any other way (People v Felix, 58 NY2d 156, 161). Thus, it is apparent that the instant controversy should not be decided on the basis of constitutional principles unless it needs to be decided based upon such principles. In my view, it is clear that the constitutional issue need never be reached since it is patent that plaintiffs’ complaint states no actionable cause.
*120 Plaintiffs’ complaint seeks to impose a constructive trust on assets held by defendants. In seeking an equitable remedy and in determining whether such a remedy is warranted, it must be remembered that equity arose to soften the impact of legal formalisms, recognizing that strict adherence to legal principles does not invariably produce justice (Simonds v Simonds, 45 NY2d 233, 239). In considering the sufficiency of a complaint, we must also be mindful of the rule that pleadings are to be liberally construed. Although these precepts of equity and pleading requirements are complementary rules, nevertheless, plaintiffs still have the obligation to allege some factual basis giving rise to the imposition of a constructive trust. This, they have failed to do.
In Sharp v Kosmalski (40 NY2d 119, 121) the court set forth the required elements of a constructive trust stating:
"Generally, a constructive trust may be imposed '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest’ (Beatty v Guggenheim Exploration Co., 225 NY 380, 386; 1 Scott, Trusts [3d ed], § 44.2, p 337; 4 Pomeroy’s Equity Jurisprudence [5th ed], § 1053, p 119). In the development of the doctrine of constructive trust as a remedy available to courts of equity, the following four requirements were posited: (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment (see Janke v Janke, 47 AD2d 445, affd 39 NY2d 786; Vassel v Vassel, 40 AD2d 713, affd 33 NY2d 533; Foreman v Foreman, 251 NY 237; Sinclair v Purdy, 235 NY 245; Ahrens v Jones, 169 NY 555; Matter of O’Hara, 95 NY 403).
"Most frequently, it is the existence of a confidential relationship which triggers the equitable considerations leading to the imposition of a constructive trust (see Bogert, Trusts and Trustees [2d ed], § 482, p 132; 61 NY Jur, Trusts, § 146, pp 303-304).”
The absence of any one element is sufficient to defeat the pleadings. I find not one of the Sharp elements present here.
Initially it should be noted that no confidential or fiduciary relationship is pleaded, expressly or impliedly. Furthermore, there was no promise to use the $1,000 donated in any particular way. Since there was no promise then, of course, there could be no reliance. In regard to the element of promise, plaintiffs in their complaint never allege that defendants made a representation as to how any donated money *121 would be used in futuro but only that in the past, it had been used for St. Anthony’s at Smithtown. Similarly, as to unjust enrichment, there can hardly be a claim that defendants should not, in good conscience, retain the donated funds. Plaintiffs made an unconditional gift to St. Anthony’s when they made their contribution. To hold that there was unjust enrichment in these circumstances would require a tortuous application of the facts.
What, then, is there from the pleadings which demands that the complaint be sustained? There is neither a false representation as to the use of the money nor an allegation of trickery or deceit.
A constructive trust will only be imposed when property has been acquired in such circumstances that the holder of the legal title may not or should not in good conscience retain it (Vincent v Vincent, 80 AD2d 582; Matter of Grasta, 61 AD2d 1120, 1121, affd 45 NY2d 999).
It has been stated that the “constructive trust doctrine serves as a 'fraud-rectifying’ remedy rather than an 'intent enforcing’ one” (Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939, 940). A simple reading of the complaint indicates that no cause of action for fraud has been stated nor is there any fraud to be “rectified”. This of necessity follows from the lack, as indicated, of any promise or representation as to the manner in which the funds were to be utilized.
VI. CONCLUSION
Accordingly, no cause of action has been stated. In addition, even if a cause of action had been stated as to the St. Francis Monastery and St. Anthony’s, there certainly would be no basis to impose a constructive trust as to the individual defendants Hill and McGrath.
This result makes it unnecessary to consider the constitutional question as well as the more elusive law of the case, res judicata and collateral estoppel arguments raised by defendants. Suffice it to say that the failure to prevail on a motion for preaction disclosure should hardly preclude commencing an action.[2]
Thus, based upon the failure to state a cause of action, *122 defendants’ motion to dismiss the complaint is granted and plaintiffs’ cross motion for summary judgment is denied.

. Venue is placed in Kings County based upon the residence of defendant St. Francis Monastery, which is headquartered in Kings County.

. It must be pointed out that a motion under CPLR 3102 (c) for preaction disclosure "is granted only where the party seeking the disclosure has shown in his affidavits facts which 'fairly indicate he has some cause of action against the adverse party’ and, further, that the information he seeks *122 is 'material and necessary’ to that actionable wrong (Stewart v Socony Vacuum Oil Co., 3 AD2d 582, 583)” (Emmrich v Technology for Information Mgt., 91 AD2d 777). Thus, the burden is on the plaintiff. Conversely, on a motion to dismiss for failure to state a cause of action the burden is upon the defendant, since the court’s inquiry is limited to ascertaining whether the pleading states any cause of action. This must be done with an outlook that is both liberal and favorable to plaintiff (Holly v Pennysaver Corp., 98 AD2d 570, 571-572). Moreover, the requirement on a motion for preaction disclosure to show the materiality and necessity of the sought for information as it relates to the actionable wrong has no application on a motion to dismiss for failure to state a cause of action. It follows that a party’s success on a motion for preaction disclosure should not have a preclusive effect on a later motion to dismiss for failure to state a cause of action.