■ HARNETHA MORGAN, as Ancilliary Administratrix C.T.A. of the Estate of CHARLIE MORGAN, Deceased, and as Guardian of CHRISTOPHER MORGAN, an Infant, Respondent, v PATRICIA MORGAN, Also Known as PATRICIA PAYNE, Appellant. — In an action for the partition of certain real property, defendant appeals from an order of the Supreme Court, Nassau County (Vitale, J.), dated October 3, 1983, which denied her motion "for an order dismissing plaintiff's action pursuant to CPLR 3211 (a) (1), (7) and (8) on the grounds that a defense is founded upon documentary evidence, the Complaint fails to state a cause of action and the Court has no jurisdiction of the person of the defendant".

Order reversed, on the law, without costs or disbursements, and defendant's motion to dismiss granted.

On March 18, 1968, Charlie Morgan married Harnetha Reeder in Maryland. One child was born from that marriage, viz., Christopher Morgan.

EPTL 6-2.2 (c) (eff Sept. 1, 1975) provides that:

"A disposition of real property to persons who are not legally married to one another but who are described in the disposition as husband and wife creates in them a joint tenancy, unless expressly declared to be a tenancy in common".

On August 2, 1976, Charlie Morgan and Patricia Payne, a/k/a Patricia Morgan, a woman whom he had met in the summer of 1973 and with whom he had been living since October 1974, together purchased the subject West Hempstead, New York, real property. The deed, dated August 2, 1976 was to "CHARLIE MORGAN and PATRICIA MORGAN, his wife".

On February 27, 1980, Charlie Morgan executed a will devising the subject property to his son, Christopher. Charlie Morgan died later that day in Mississippi from the effects of lung cancer. The will was probated in Mississippi on March 14, 1980. This partition action by plaintiff, Harnetha Morgan, Charlie Morgan's legal wife and Christopher's mother, ensued. Defendant Patricia Payne then brought the subject motion to dismiss.

As a matter of law, under EPTL 6-2.2 (c), the August 2, 1976 deed to "CHARLIE MORGAN and PATRICIA MORGAN, his wife" created a joint tenancy. Plaintiff adduced no legally competent

evidence to contradict defendant's documentary evidence as to the title or to show that the joint tenancy was effectually changed prior to Charlie Morgan's death. Accordingly, on Charlie Morgan's death, defendant Patricia Payne, a/k/a Patricia Morgan, as surviving joint tenant, became sole owner of the property (*see, City of Corning v Stirpe,* 262 App Div 14, *affd* 293 NY 808) and her motion to dismiss under CPLR 3211 (a) (1) and (a) (7) should have been granted.

The argument made on appeal that a constructive trust should be imposed under the rationale of *Vincent v Vincent* (80 AD2d 582) was not raised at Special Term and, in any event, lacks merit. Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.