■ RALPH BUCCI, JR., Respondent, v MADELINE BUCCI, Appellant.—In an action to determine title to real property, the defendant appeals from an order of the Supreme Court, West-

chester County (Benson, J.), dated June 3, 1985, which denied her motion for summary judgment and granted plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

In 1965, Ralph Bucci, Sr., and the defendant purchased certain real property, taking title "as tenants by the entirety". At the time, Ralph Bucci, Sr. was legally married to another, with whom he had a son, the plaintiff herein. In 1976, after the death of Mr. Bucci's wife, he and the defendant were married. Ralph Bucci, Sr. died intestate in 1978, survived by the plaintiff, the defendant, and a daughter by the defendant. The issue is the ownership of the subject property and, more particularly, whether EPTL 6-2.2 (c), effective September 1, 1975, applies to the facts at bar. We agree with Special Term that it does not.

At the time this property was purchased by the decedent and the defendant, a conveyance to two persons who were not legally married "as tenants by the entirety", was deemed to create only a tenancy in common, unless expressly declared to be a joint tenancy (see, Place v Cundaro, 34 AD2d 698). In 1975, this presumption was reversed by statutory amendment so that a joint tenancy would be created (L 1975, ch 263, § 1). EPTL 6-2.2 (c) provides: "A disposition of real property to persons who are not legally married to one another but who are described in the disposition as husband and wife creates in them a joint tenancy, unless expressly declared to be a tenancy in common". However, this amendment does "not affect dispositions of real property made prior to its effective date" (L 1975, ch 263, § 3). Since the disposition to the decedent and the defendant occurred in 1965, EPTL 6-2.2 (c) does not apply and the conveyance to them created no more than a tenancy in common. Upon the decedent's death then, in 1978, the defendant remained a tenant in common with the decedent's distributees. Were we to accept the defendant's argument that the key "disposition" is the passage of title upon the decedent's death in 1978, after the effective date of section 6-2.2 (c), the defendant would have had her interest in the property suddenly transformed by operation of law from that of a tenant in common to that of a joint tenant with right of survivorship. This argument is without merit. Mollen, P. J., Bracken, Lawrence and Kooper, JJ., concur.