OPINION OF THE COURT
Nicholas Colabella, J.
In a CPLR article 78 proceeding, in the nature of mandamus to compel and mandamus to review, petitioner seeks to *442 impose a constructive and equitable trust over a certain fund and to be substituted as trustee.
The fund in question is the "Police Donation Account” (PDA) which is administered by respondents as part of the Trust and Agency Fund of the City of Rye. The PDA is the successor to the defunct Police Department Christmas Fund which had been administered by petitioner. The PDA consists of donations by private citizens, apparently as gratitude, for the benefit of the Rye Police Department.
By order dated August 19, 1987, the court denied respondents’ motion to dismiss. Issue has since been joined and the court disposes of the petition, as follows:
With respect to the application for mandamus to compel, such relief is only available to compel " 'performance of a statutory duty that is ministerial in nature but not one in respect to which an officer may exercise judgment or discretion’ ” (Board of Educ. v Levitt, 42 AD2d 372, 374; Drexler v City of New York, 122 Misc 2d 499, 503). In the case at bar, the statutory duty is that imposed by General City Law § 20 (3) which empowers a city, inter alia, to receive gifts and administer same "absolutely or in trust for any public or municipal purpose, upon such terms and conditions as may be prescribed by the grantor or donor and accepted by the city.”
However, petitioner has made no factual showing that the PDA donations carried particular directions and respondents have denied same. Accordingly, since disbursements of PDA funds are a matter within the discretion of the city as trustee, mandamus to compel the turnover of funds does not lie.
Insofar as petitioner seeks mandamus to review, petitioner claims that respondents failed to carry out the purposes of the PDA in expending funds "without the approval or consultation of the petitioner or its members and for purposes other than that intended by the people who donated the monies”.
Petitioner’s claims, however, are only conclusory. Again, it has made no factual showing that approval or consultation with petitioner or its members were directed by the PDA donors. Similarly, petitioner has failed to specify a single expenditure from the PDA which was inconsistent with the fund’s general purpose to benefit the police department.
Additionally, absent a specific statement of intent by the donors, there is no moral obligation on the part of a municipality which would overcome the constitutional barrier against the giving of gratuities by a municipality (NY Const, *443 art VIII, § 1; see also, Matter of Mullane v McKenzie, 269 NY 369, 376; Ausable Chasm Co. v State of New York, 266 NY 326).
Finally, petitioner has failed to establish its entitlement to "a constructive and equitable trust” within an article 78 proceeding. The court’s review in this special proceeding is limited to the questions enumerated in CPLR 7803. Neither mandamus to compel nor mandamus to review includes a constructive and equitable trust within the ambit of relief these writs afford. Moreover, even if the court were to convert this proceeding to a plenary action to consider such relief (see, CPLR 103), petitioner has failed to establish the elements of such a trust (see, Sharp v Kosmalski, 40 NY2d 119, 121; Connell v St. Francis Monastery, 129 Misc 2d 116, 120-121).
In summary, there is no basis to find that respondents have acted arbitrarily, capriciously or abused their discretion in refusing petitioner’s demand for control of the PDA funds (CPLR 7803).
Accordingly, the petition is dismissed.