■ Martin Jackson, as Executor of Harold Warren, Deceased, et al., Respondents, v Rosemarie Pichler, Appellant. [803 NYS2d 553]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about October 6, 2003, which granted plaintiff's motion to dismiss defendant's counterclaim seeking an adjudication that defendant obtained sole ownership of the subject property, unanimously affirmed, without costs.

The subject property was conveyed to Harold Warren and defendant Rosemarie Pichler by deed dated March 20, 1974, purportedly as tenants by the entirety. However, because Harold Warren and defendant are brother and sister, and not husband and wife, it was impossible for them to take title as tenants by the entirety. Thus, pursuant to EPTL 6-2.2 (a), they took title as tenants in common, with no right of survivorship, no express declaration having been included in the deed that they were taking title as joint tenants. Defendant's reliance upon EPTL 6-2.2 (d) is misplaced. While that provision provides that a disposition of real property to persons who are not married to one another but who are described in the disposition as husband and wife creates in them a joint tenancy, the 1974 deed does not describe Harold Warren and defendant as husband and wife (cf. *Hus v Bosworth,* 194 AD2d 386 [1993]; *Morgan v Morgan,* 111 AD2d 790 [1985]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Saxe, J.P., Marlow, Nardelli, Gonzalez and Sweeny, JJ.