2009 WY 10

**In the Matter of the ESTATE OF John Emmanuel THOMAS, Deceased:**

**Margaret Dickson, Appellant (Respondent),**

v.

**Kris Thomas, Personal Representative of the Estate of John Emmanuel Thomas, Appellee (Petitioner).**

No. S–08–0109.

Supreme Court of Wyoming.

Jan. 29, 2009.

---

Representing Appellant: William L. Hiser of Brown & Hiser, LLC, Laramie, Wyoming.

Representing Appellee: Russell E. Rauchfuss, Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1]   Appellant, Margaret Dickson (Dickson), seeks review of a district court order which quieted title to the property at issue in this appeal, to Dickson and the Appellee, the Estate of John Emmanuel Thomas (Thomas), "in equal shares as tenants in common." Thomas was Dickson's brother.   Dickson contends that the quiet title action should have resulted in recognition that the two siblings held title to the property as joint tenants with right of survivorship, and that the occurrence of Thomas's death left Dickson as the sole owner of the property.   We will affirm in part, reverse in part, and remand to the district court with directions that the district court enter summary judgment in favor of Dickson with respect to the property described in the Exhibit 1 Deed.

## ISSUE

[¶ 2]   Dickson frames the issue thus:

Does a deed granting property to two unmarried persons as "tenants by the entireties with right of survivorship and not as tenants in common" create a joint tenancy or a tenancy in common?

Thomas did not provide a statement of the issue; however he recites this as a summary of his position:

The trial court's findings were not clearly erroneous.   The Exhibit 1 Deed was am-

biguous. The trial court properly considered the Exhibit 2 Deed to determine grantors' intent. The trial judge did not commit a mistake, nor was he erroneous as a matter of law in going outside the four corners of the deed to determine intent.

## FACTS AND PROCEEDINGS

[¶ 3] The facts that must be used to resolve this case are set out in the district court's order settling and approving the parties' stipulated statement of the evidence, as provided for by W.R.A.P. 3.03. The outcome of this case turns solely on a construction of the language of two deeds, as noted below. Thus we are presented with only questions of law, which we review *de novo*.

A Petition to Quiet Title and for Determination of an Interest in Land was filed on May 29, 2007. An order for Notice and Hearing was signed by the District Court Judge on May 30, 2007, setting the matter for hearing on August 1, 2007 and delivered, which [Dickson] signed for on July 16, 2007.

At the hearing on August 1, 200[7], ... Margaret Dickson appeared in person, together with the representative of the estate, Kris Thomas, and attorney for the estate, R.E. Rauchfuss, as well as attorney Frank Jones, who made a special appearance on behalf of Jason Thomas, one of the heirs, who was unable to attend. [Dickson] inquired to the Court whether she should get an attorney. The Honorable Wade E. Waldrip informed [Dickson] and all present [that] he would continue the hearing so that [Dickson] or heirs could seek counsel if they so chose, and to have their attorney[s] make an Entry of Appearance prior to the next hearing, which was continued to February 14, 2008. Notice of Hearing on Petition to Quiet Title and for Determination of Interest of Land in the above-named estate was sent via certified mail which was delivered and [Dickson] signed for on January 29, 2008, as appears from Exhibit 3 attached hereto.

A hearing on the *Petition to Quiet Title and for Determination of an Interest in Land* filed by Kris Thomas, Personal Representative of the Estate of John Emman-uel Thomas, was held on February 14, 2008. Ms. Thomas appeared in person with her attorney, R.E. Rauchfuss, appearing by phone. Ms. Dickson also appeared in person after having received a copy of the *Order for Notice and Hearing*.

At the hearing the following facts were presented by the Personal Representative:

On 8/19/1999 Mike G. Thomas and Dorothy J. Thomas, husband and wife, parents of decedent, transferred the real estate located in [detailed legal description] to **"John E. Thomas and Margaret E. Dickson, only children of Mike G. Thomas and Dorothy L. Thomas, as tenants by the tntireties (sic) with right of survivorship, and not as tenants in common"** by way of a Warranty Deed, filed at B–975, P–162 in the Carbon County Clerk's office and attached hereto as **Exhibit 1**. Emily Thomas, Widow, previously transferred the real property described in Exhibit 1 to Mike G. Thomas and Dorothy Thomas on 12/15/1965. (Bk. 472, Pg. 190, Carbon Co. Clerk)

On 9/23/1999 Mike G. Thomas and Dorothy J. Thomas transferred the adjacent property located in [detailed legal description] to **"John E. Thomas and Margaret E. Dickson, children"** by way of a Warranty Deed filed at B–976, P–398 in the Carbon County Clerk's Office, and attached hereto as **Exhibit 2**. The [E]xhibit 2 Deed also reserved mineral rights, which was meaningless as there were no minerals to reserve because the prior Grantor Gooldy had already reserved them. The Exhibit 1 Deed was for and in consideration of $10, whereas the Exhibit 2 Deed was for and in consideration of gift.

The Thomas family home was built on or near the property line of the Exhibit 1 Deed. The residence and surrounding curtilage are therefore located on both properties described in Exhibits 1 and 2. This is why the approximate one acre described in Exhibit 2 was purchased from John S. Gooldy, the prior owner, by Mike G. Thomas and Dorothy Thomas, Husband and Wife. (Bk. 363, Pg. 410,

Carbon Co. Clerk). Mike and Dorothy Thomas lived in the residence described in Exhibits 1 and 2 until approximately 2005. Jason Thomas, decedent's son, has lived in the home for about one 1½ years (sic), as a tenant, paying rent to Dorothy J. Thomas, under an agreement between Margaret Dickson, Kris Thomas, as Personal Representative of the Estate of John Emmanuel Thomas, and Dorothy Thomas.

John E. Thomas died on 1/1/2006, and an Estate was opened with Kris Thomas appointed Personal Representative on July 26 of 2006. Mike G. Thomas died on 4/28/2006 and no estate on his behalf has been opened. Margaret E. Dickson has not filed an affidavit of survivorship on the property described in Exhibit 1.

Margaret Dickson admitted that John E. Thomas was her brother, not her spouse. Ms. Dickson also admitted that the facts stated above were true or at least beyond her ability to dispute them.

[¶ 4] The district court issued an Order Quieting Title which was entered of record on March 12, 2008:

THE ABOVE ENTITLED MATTER came before the Court at 11 A.M. on the 14th day of February 2008 upon the Petition of the Estate of John Emmanuel Thomas to Quiet Title and determine the ownership of the below described real property, with Margaret Dickson, co-owner of the real property described herein, and Kris Thomas, Personal Representative of the Estate, the other co-owner of the real estate described herein, being present. The Court reviewed the brief and heard argument of the Attorney for the Estate, R.E. Rauchfuss, and also took testimony and heard argument of Margaret Dickson.

After being fully informed in the premises the COURT FINDS:

1. That the Warranty Deed in Exhibit 1 of the Estate's Brief from Mike G. Thomas and Dorothy J. Thomas, husband and wife, to "John E. Thomas and Margaret E. Dickson, only children of Mike G. Thomas and Dorothy L. Thomas, as tenants by the tntireties (sic) with right of survivorship, and not as tenants in common" filed at B–975, P–162 in the Carbon County Clerk's office, defectively designates grantees as tenants by the entireties with rights of survivorship.

2. That as a legal result of the defective designation of grantees in Exhibit 1, the co-ownership designation defaults to tenants in common with no right of survivorship.

3. That Margaret Dickson and the Estate of John Emmanuel Thomas were co-owners of the real property described in Exhibit 1 and Parcel 1 as Tenants in Common.

4. That the real property described in Exhibit 2 and Parcel 2 was owned by John Emmanuel Thomas and Margaret Dickson as Tenants in Common.

[¶ 5] Based upon those findings the district court quieted ownership of the disputed property "in the names of, and all right title and interest in the above described property is set over to Margaret Dickson and the Estate of John Emmanuel Thomas in equal shares as Tenants in Common."

## DISCUSSION

### Standard of Review

[¶ 6] Because this was a trial to court, we apply this standard of review:

We review a district court's decision following a bench trial according to the following standards:

The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail re-weighing disputed evidence. Findings of fact will not be set aside unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

*Mullinnix LLC v. HKB Royalty Trust,* 2006 WY 14, ¶ 12, 126 P.3d 909, 916 (Wyo. 2006) (citations omitted). Further, with regard to the trial court's findings of fact,

> [W]e assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it. We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law.

*Id.* The district court's conclusions of law however are subject to our de novo standard of review. *Id.*

*Addison v. Dallarosa–Handrich,* 2007 WY 110, ¶ 8, 161 P.3d 1089, 1091 (Wyo.2007).

## Did the District Court Err in Construing the Deeds

[¶ 7] In *Ecosystem Resources v. Broadbent Land & Resources,* 2007 WY 87, ¶¶ 9–10, 158 P.3d 685, 688 (Wyo.2007) we summarized the deed interpretation process:

> ... Our deed interpretation rules focus on deriving the intentions of the parties. *Mullinnix LLC v. HKB Royalty Trust,* 2006 WY 14, ¶ 22, 126 P.3d 909, 919 (Wyo. 2006); *Caballo Coal Co. v. Fid. Exploration & Prod. Co.,* 2004 WY 6, ¶ 11, 84 P.3d 311, 314 (Wyo.2004). We start with the language utilized by the parties to the deed, giving that language its plain and ordinary meaning. *Hickman v. Groves,* 2003 WY 76, ¶ 6, 71 P.3d 256, 258 (Wyo. 2003). If the language is clear and unambiguous, we look only to the "four corners" of the deed in ascertaining the parties' intent. *Caballo Coal,* ¶ 11, 84 P.3d at 314.
>
> However, we have also recognized that, even if a contract is unambiguous, we can examine evidence of the circumstances surrounding the execution of the deed to arrive at the parties' intent. *Hickman,* ¶¶ 6–11, 71 P.3d at 257–58. Relevant considerations may include the relationship of the parties, the subject matter of the contract, and the parties' purpose in making the contract. *Id.*
>
> [I]t has long been the law that we look to the meaning of terms at the time of

execution of an unambiguous deed. In 1899, we stated in *Balch* [*v. Arnold*], 9 Wyo. [17] at 29, 59 P. [434] at 436 [(1899)]: "The rule in such cases [involving deed interpretation] is that the intention of the parties is to be ascertained by considering all the provisions of the deed, as well as the situation of the parties, and then to give effect to such intention if practicable." (emphasis added). Understanding the importance of the use of "surrounding circumstances" evidence is not difficult when you take into account the definition of "plain meaning" as used in contract interpretation cases. The "plain meaning [of a contract's language] is that 'meaning which [the] language would convey to reasonable persons at the time and place of its use.'" *Newman* [ *v. RAG Wyoming Land Co.*], [2002 WY 132,] ¶ 12, 53 P.3d at 544, quoting *Moncrief v. Louisiana Land and Exploration Company,* 861 P.2d 516, 524 (Wyo.1993) (emphasis added).

*Mullinnix,* ¶ 23, 126 P.3d at 919.

[¶ 8] Here, the grantor, apparently acting without legal advice, attempted to create a tenancy by the entireties in his son and daughter, but he also used the words "with right of survivorship and not as tenants in common." It is apparent that the grantor made a mistake and not a mistake such as is contemplated by a technical view of the term "mistake." See 23 Am.Jur.2d *Deeds* §§ 184–191 (2002 and Supp.2008). Rather, we think the deed on its face evidences a "mistake" as that term is used in common parlance: "mistake," "2: a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention: an unintentional error." *Webster's Third New International Dictionary,* 1446 (1986). Moreover, a joint tenancy can only be created by an act of the parties, but a joint tenancy may also be the result of an attempt to create an impossible tenancy by the entirety. 20 Am.Jur.2d *Co-tenancy and Joint Ownership* § 11 (2005 Supp.2008). Furthermore, 41 Am.Jur.2d *Husband and Wife* § 41 (2005 and Supp. 2008) explains:

A Tenancy in common may be the end result of error or mistake, or of an ineffective attempt to create a tenancy by the entireties. Thus, it is generally held that a conveyance to parties mistakenly believed to be husband and wife, presumably as tenants by entirety, results in the creation of a tenancy in common, although a joint tenancy is sometimes held to have been created.

[¶ 9] We conclude that the deed at issue here was not ambiguous when all of its language is read together because tenancy in common is forthrightly eliminated. See Wendy Evans Lehmann, Annotation, 9 A.L.R.4th 1189, *Estate Created by Deed to Persons Described as Husband and Wife but not Legally Married,* esp. § 4[b] and [c](1981 and Supp.2008); *Morgan v. Morgan,* 111 A.D.2d 790, 490 N.Y.S.2d 539, 540 (1985); *Wood v. Wood,* 264 Ark. 304, 571 S.W.2d 84, 85 (1978); *Beaton v. LaFord,* 79 Mich.App. 373, 261 N.W.2d 327, 328 (1978); *Coleman v. Jackson,* 286 F.2d 98, 99–103 (D.C.Cir.1960). For these reasons, we hold that the district court erred in treating the Exhibit 1 Deed as creating a tenancy in common. That portion of the district court's judgment is reversed, and we remand to the district court to enter a judgment reflecting that after the death of her brother, Dickson is now the sole owner of the land described in the Exhibit 1 Deed.

[¶ 10] We begin our further analysis by noting that Wyo. Stat. Ann § 34–1–140 (LexisNexis 2007) provides:

A joint tenancy or a tenancy by the entirety as to any interest in real or personal property may be established by the owner thereof, by designating in the instrument of conveyance or transfer, the names of such joint tenants or tenants by the entirety, including his own, without the necessity of any transfer or conveyance to or through a third person.

[¶ 11] With respect to the Exhibit 2 Deed we think the circumstances are different. That deed does not describe the sort of tenancy that was intended. The statute cited above reflects a legislative intention that "joint tenancies" and "tenancies by the entireties" are created by the use of one or the other of those phrases. Of course, there may be circumstances where such silence as to the nature of the tenancy could be further explained by other words, or other circumstances, but here there is nothing more for us to consider but the words that actually are in the Exhibit 2 Deed. Since there is no apparent intention to create a tenancy by the entireties (which would fail in any event), and no apparent intention to create a joint tenancy with right of survivorship, by default we must assume that a tenancy in common was intended. See generally, W.W. Allen, Annotation, *What Constitutes a Devise or Bequest in Joint Tenancy Notwithstanding Statute Raising a Presumption Against Joint Tenancy,* 46 A.L.R.2d 523 (1956 and Blue Book 2005). Thus, we affirm the district court's order to the extent that it settled the ownership of the Exhibit 2 Deed property in Dickson and Thomas's estate as tenants in common.

[¶ 12] It would be speculation to attempt to divine why Dickson's and Thomas's parents opted for such an arrangement. However, we see no readily apparent reason to treat those dispositions as illogical. In Thomas's brief it is suggested that the Exhibit 2 Deed, which describes an approximately one-acre parcel that included the "family home" and its curtilage, may divide the family home, with part of the house in the larger parcel (the Exhibit 1 Deed) and the other half in the smaller parcel (the Exhibit 2 Deed). If that is indeed the case, it would be our hope that the family can work that out amicably and without further judicial intervention so that the ancestral home can be enjoyed by all entitled to its use and possession.

## CONCLUSION

[¶ 13] The district court's order is affirmed in part and reversed in part, and this matter is remanded to the district court for entry of a revised order consistent with this opinion.