| Brunwasser v Estate of Scharf |
|---|
| 2024 NY Slip Op 31100(U) |
| April 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160898/2021 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** HON. PAUL A. GOETZ | **PART** 47 |
| *Justice* | |

-------------------------------------------------------------------------------X

HAROLD J BRUNWASSER,

Plaintiff,

- v -

ESTATE OF RHONDA SCHARF, MURRAY HILL MEWS
OWNERS CORP., AKAM ASSOCIATES, INC.

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 160898/2021 |
| **MOTION DATE** | 01/12/2024, 01/14/2024 |
| **MOTION SEQ. NO.** | 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 172, 173, 174, 175, 177, 178, 179, 180, 186
were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 164, 165, 166, 167, 168, 169, 170, 171, 176, 181, 182, 183, 184, 185, 187
were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER          .

This action arises out of a dispute in ownership over a cooperative apartment between plaintiff, Harold J. Brunwasser and the estate of Rhonda Scharf who prior to her death was a co-owner of the apartment and plaintiff's life partner. Plaintiff seeks summary judgment (MS #3) on his first three causes of action for: 1) Declaratory Judgment as to Ownership of the Apartment Pursuant to EPTL § 6-2.2(d); 2) Declaratory Judgment as to Ownership of the Apartment Pursuant to EPTL § 6-2.2(a); and 3) Consequential Relief as to Recording Plaintiff's Ownership of Apartment. Plaintiff also moves to dismiss defendant Sheina Blanker, as Administrator of the Estate of Rhonda Scharf's ("Estate") three counterclaims for: 1) Declaratory Judgment That Estate Owns 50% of Apartment; 2) Accounting for Use of Apartment; and 3) Conversion.

Defendant Estate also moves for partial summary judgement (MS #4) on the Estate's first counterclaim seeking a declaratory judgment that the Estate is a 50% owner of the Apartment.

**160898/2021   BRUNWASSER, HAROLD J vs. ESTATE OF RHONDA SCHARF ET AL**          **Page 1 of 11**
  Motion No.  003 004

1 of 11

[* 1]

## BACKGROUND

Plaintiff and Rhonda Scharf ("Scharf") purchased a cooperative apartment known as and located at 160 East 38th Street, Apartment 2A, New York (the "Apartment") on November 3, 2017 (NYSCEF Doc No 128 ¶ 1). The Proprietary Lease plaintiff and Scharf entered into, and the Stock Certificate they received both designated their ownership interest as "tenants by the entirety" (*id*. at ¶ 6; *see also* NYSCEF Doc Nos 138 & 139). Plaintiff and Scharf were not married (NYSCEF Doc No 128 ¶ 3). Scharf died intestate on May 6, 2021 (NYSCEF Doc No ¶ 3); she was never married, her parents both predeceased her, and she left no living lineal descendants (NYSCEF Doc No 128 ¶ 9). Sheina Blanker was appointed Administrator of Scharf's estate on November 23, 2021 by the Superior Court of California, County of Los Angeles (*id*. at ¶ 4). Sheina Blanker and Linda Ambrunn are Scharf's sisters and only siblings and thus are the heirs of her intestate estate (*id*. at ¶ 10). Defendant Murray Hill News Owner Corp, is the cooperative corporation that owns the building that the Apartment is in and defendant AKAM Associates Inc. is the property manager of that building (*id.* at ¶ 19).

## DISCUSSION

*Summary Judgment Standard*

It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce

**160898/2021   BRUNWASSER, HAROLD J vs. ESTATE OF RHONDA SCHARF ET AL**          **Page 2 of 11**
**Motion No.  003 004**

2 of 11

[* 2]

evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-54 [1st Dept 2010]).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-11 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co. LLC*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

*Applicability of EPTL § 6-2.2(d)*

"Tenancy by the entirety is a form of real property ownership which confers on the surviving spouse a right to absolute ownership of the property upon the other spouse's death" (*Ciaccio v Wright-Ciaccio*, 211 AD3d 900, 902 [2d Dept 2022]). Similarly, a joint tenancy "is an estate held by two or more persons jointly who have equal rights to share in its enjoyment during their lives, and where each joint tenant has a right of survivorship" (*Trotta v Ollivier*, 91 AD3d 8, 12 [2d Dept 2011]) "The right of survivorship has been defined as "a right of automatic inheritance" where, upon the death of one joint tenant, the property does not pass through the rules of intestate succession, but is automatically inherited by the remaining tenant" (*id.*). "Tenancy by the entirety [unlike a joint tenancy] has always been a form of real property ownership available *only to those who were actually married* at the time of conveyance"

160898/2021   BRUNWASSER, HAROLD J vs. ESTATE OF RHONDA SCHARF ET AL          Page 3 of 11
  Motion No.  003 004

3 of 11

(*V.R.W., Inc. v Klein*, 68 NY2d 560, 563 [1986] [emphasis added]). In contrast to both a tenancy in the entirety and a joint tenancy "[a] tenancy in common exists when two or more persons each own and possess an undivided interest in property, real or personal" (*Chiang v Chang*, 137 AD2d 371, 373 [1st Dept 1988]). In a tenancy in common there is no right of survivorship and each tenant "possesses an equal fractional share" which upon the death of one tenant passes "through the rules of intestate succession" (*Trotta*, 91 AD3d at 12).

"A disposition of property to two or more persons creates in them a tenancy in common, unless expressly declared to be a joint tenancy" (EPTL § 6-2.2[a]). "A disposition of real property to a husband and wife creates in them a tenancy by the entirety, unless expressly declared to be a joint tenancy or a tenancy in common" (EPTL § 6-2.2[b]). Further EPTL § 6-2.2[d] states:

> A disposition of real property, or a disposition on or after [January 1, 1996] of the shares of stock of a cooperative apartment corporation allocated to an apartment or unit together with the appurtenant proprietary lease, to persons who are not legally married to one another but who are described in the disposition as husband and wife, spouses, husbands, or wives creates in them a joint tenancy, unless expressly declared to be a tenancy in common.

Prior to the passing of EPTL § 6-2.2(d) "a conveyance to two persons who were not legally married 'as tenants by the entirety', was deemed to create only a tenancy in common, unless expressly declared to be a joint tenancy" (*Bucci v Bucci*, 125 AD2d 286, 287 [2d Dept 1986]). However, "[i]n 1975, this presumption was reversed by statutory amendment so that a joint tenancy would be created" (*id*.). In *Morgan v Morgan*, the court found that a joint tenancy was created when a deed was granted to "CHARLIE MORGAN and PATRICIA MORGAN, his wife" despite the couple not being married at the time (*Morgan v Morgan*, 111 AD2d 790 [2d Dept 1985]).

**160898/2021   BRUNWASSER, HAROLD J vs. ESTATE OF RHONDA SCHARF ET AL**          **Page 4 of 11**
   **Motion No.  003 004**

[* 4]                                                    4 of 11

Here, plaintiff concedes that a tenancy in the entirety does not lie as he and Scharf were not married but he argues that since the proprietary lease and the stock certificate both list the ownership interest as a "tenancy in the entirety" EPTL § 6-2.2(d) should dictate that a presumption of a joint tenancy, meaning upon Scharf's death plaintiff would have a right of survivorship and take complete ownership of the Apartment. Defendant Estate disputes this interpretation and argues that EPTL § 6-2.2(d) requires that the couple be referred to as "husband and wife" or "spouses" in order to be controlling, and the presumed interest should be a tenancy in common, meaning Scharf's share would pass via intestate succession. Plaintiff argues that the use of the language "tenancy in the entirety" is the equivalent of stating "husband and wife" since this ownership interest is only available to married couples.

In *Bucci*, the Court stated that EPTL § 6-2.2(d) reversed the presumption that a failed tenancy in the entirety would be deemed a tenancy in common, however as defendant Estate notes, this was *dicta* as the court ultimately ruled that EPTL § 6-2.2(d) could not apply as the disposition in that case occurred prior to the effective date of the statute (*Bucci*, 125 AD2d at 287). Indeed in *Jackson v Pichler*, the court rejected the notion that EPTL § 6-2.2(d) is triggered by merely calling an ownership interest a tenancy in the entirety as the statute requires that the grantees be "described in the disposition as husband and wife [to] create[] in them a joint tenancy[1]" (*Jackson v Pichler*, 23 AD3d 241 [1st Dept 2005]).

Courts must "must read statutes as they are written" (*People v Page*, 35 NY3d 199, 207-08 [2020]). The statute states that the grantees must be "described in the disposition as husband and wife, spouses, husbands, or wives" and here, the designating documents – the proprietary lease and the stock certificate -do not describe plaintiff and Scharf as husband and wife, or

---

[1] It should be noted that in *Jackson v Pichler* the deed was granted to a brother and sister and named the interest as a tenancy in the entirety.

**160898/2021   BRUNWASSER, HAROLD J vs. ESTATE OF RHONDA SCHARF ET AL**          **Page 5 of 11**
  **Motion No.  003 004**

5 of 11

spouses (EPTL § 6-2.2[d]). Indeed, if the legislature intended that a failed tenancy in the entirety presumptively becomes a joint tenancy they could have written the statute to say so. Therefore, EPTL § 6-2.2(d) does not apply and summary judgment cannot be granted on these grounds.

*Judgement under EPTL § 6-2.2(a)*

"A disposition of property to two or more persons creates in them a tenancy in common, unless expressly declared to be a joint tenancy" (EPTL § 6-2.2[a]). This presumption of a tenancy in common can be overcome by "proving by clear and convincing evidence that decedent intended to create a joint tenancy rather than a tenancy in common, and that language manifesting such an intent was mistakenly omitted from the instrument of conveyance by the scrivener" (*Matter of Estate of Vadney*, 83 NY2d 885, 886 [1994]). "Extrinsic and even parol evidence of intent is admissible to prove that the parties were to hold the property otherwise than as tenants in common" (*In re Wach's Estate*, 50 Misc 2d 565, 567 [Sur Ct 1966]). In *Vadney*, the Court of Appeals found that clear and convincing evidence existed to overcome the presumption of the creation of a tenancy in common when

> Petitioner's uncontroverted evidence consisted of testimony of the attorney who drafted the deed indicating that he had received oral instructions from decedent to prepare a deed conveying the subject property to herself and petitioner as joint tenants, that he neglected to include survivorship language in the deed through his own oversight, and that neither he nor the grantor noticed the omission at the time of the execution of the instrument.

(*Vadney*, 83 at 887).

Here, plaintiff submits an affidavit by attorney Michael Katz who served as plaintiff and Scharf's attorney during the purchase of the Apartment (Katz Aff; NYSCEF Doc No 145 ¶ 1). Katz affirms that the designation of the ownership interest as a "tenancy by the entirety" was due to a mistaken belief by him and defendant AKAM, that plaintiff and Scharf were married (*id*. at ¶ 7 – 8). He further states that had he known that plaintiff and Scharf were not married he would

**160898/2021  BRUNWASSER, HAROLD J vs. ESTATE OF RHONDA SCHARF ET AL**
**Motion No.  003 004**

**Page 6 of 11**

6 of 11

[* 6]

have changed the designation to a joint tenancy with the right of survivorship to match the intent of the parties (*id*. at ¶ 9).

In addition to this affirmation plaintiff also submits a deed of another property located at 100 Winston Drive, Unit 6FS, Cliffside Park, New Jersey which he and Scharf owned and sold prior to purchasing the Apartment (NYSCEF Doc No 147). This deed indicates that the ownership interest was a joint tenancy (*id*.). Plaintiff also submits evidence of financial assets owned by him and Scharf all of which list the other as either the sole beneficiary or indicate that they are owned jointly with a right of survivorship (NYSCEF Doc 148 – 154).

Plaintiff has met his *prima facie* burden of proving by clear and convincing evidence that Scharf intended to create a joint tenancy rather than a tenancy in common and that the language that referred to the interest as a "tenancy in the entirety" was due to a mistake in the drafting of the documents by plaintiff and Scharf's attorney. Defendant Estate does not submit evidence that rebuts plaintiff's *prima facie* showing.

Accordingly, plaintiff's motion for declaratory judgment as to the ownership of the apartment shall be granted. Additionally, since defendants Murray Hill News Owner Corp and AKAM Associates Inc have stated in their answer that they would "defer to and will abide by any determination by the Court concerning the proper or rightful ownership of the stock and lease at issue" summary judgment on the third cause of action will be granted and the deed should be reformed to include the correct language. Finally, since defendant Estate's first and second counterclaims are entirely dependent on establishing an ownership interest in the apartment they must be dismissed.

*Conversion*

**160898/2021   BRUNWASSER, HAROLD J vs. ESTATE OF RHONDA SCHARF ET AL**
**Motion No.  003 004**

**Page 7 of 11**

7 of 11

[* 7]

Defendant Estate's third counterclaim is for conversion and alleges that after Scharf's death, plaintiff entered an apartment that Scharf maintained in Beverly Hills, California and removed valuable antiques, collectables, and furniture from the apartment which belonged to the estate (NYSCEF Doc 109 ¶ 32 – 36).

"If conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders" (*Cooney v Osgood Mach., Inc.*, 81 NY2d 66, 72 [1993]). The elements of conversion in California, where the alleged conduct took place are: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages" (*Lee v Hanley*, 61 Cal 4th 1225, 1240, 354 P3d 334, 344 [Cal 2015]). In New York the elements of a conversion claim are "(1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (*Core Dev. Group LLC v Spaho*, 199 AD3d 447 [1st Dept 2021]). While the precise wording of these elements differ in the jurisdictions, they are in essence the same, requiring a possessory right in personal property by the injured party, and a wrongful interference with that property by the tortfeasor.

Here, plaintiff does not dispute that Scharf's personal property in the California apartment became the property of her estate upon her death. Plaintiff submits an affidavit stating that after Scharf's death he originally intended to become the administrator of her estate (Brunwassser Aff; NYSCEF Doc No 146 ¶ 33). He states that he was unaware that Blanker intended to become the administrator of the estate as well (*id.* at ¶ 39). During this process, plaintiff paid for the rent, insurance, and parking fees for the California apartment (*id.* at ¶ 39 – 40). Plaintiff also claims he communicated with Blanker to identify specific items of Scharf's

160898/2021   BRUNWASSER, HAROLD J vs. ESTATE OF RHONDA SCHARF ET AL
Motion No.  003 004

Page 8 of 11

8 of 11

personal property which she asked him to set aside for her (*id*. at ¶ 34; *see also* NYSCEF Doc No 156 – 159). Plaintiff further avers that once he found out that Blanker had been named the administrator of the estate, he left all of the personal property in the California apartment and mailed the keys to Blanker's attorney (*id.* at ¶ 40 – 41). Blanker, in her deposition testimony admits that plaintiff sent her the keys, and left items in the apartment which she later sold (Blanker EBT at 44:21 – 46:16; 60:07 – 60:19). She also testified that she was aware that plaintiff was undergoing the process of becoming administrator of the estate and did not inform him that she also intended to be named administrator (*id.* at 41:24 – 42:25). She further admits that until she was named administrator of the estate, she had not been in the California apartment for 25 years (NYSCEF Doc No 31:7 – 31:12).

Plaintiff has established *prima facie* that he did not engage in any wrongful or hostile acts in derogation of the estate's right to the property in the California apartment. He paid the rent for the apartment in preparation of being named the administrator of Scharf's estate, without knowing that Blanker also intended to be named administrator. Further, he communicated regularly with Blanker to identify items in the apartment that Blanker wished to keep. Finally, defendant estate does not identify any specific items missing from the apartment in opposition to this motion. Indeed, defendant Estate submits no opposition to this portion of the motion and therefore have failed to rebut plaintiff's *prima facie* showing that he did not engage in a wrongful act. Accordingly, defendant Estate's third counterclaim will be dismissed.

Accordingly it is,

ORDERED that the part of plaintiff's motion for summary judgment (MS #3) on his first cause of action for Declaratory Judgment as to Ownership of the cooperative apartment known

160898/2021   BRUNWASSER, HAROLD J vs. ESTATE OF RHONDA SCHARF ET AL
Motion No.  003 004

Page 9 of 11

9 of 11

as and located at 160 East 38th Street, Apartment 2A, New York, New York pursuant to EPTL § 6-2.2(d) is denied; and it is further

ORDERED that the part of plaintiff's motion for summary judgment (MS #3) on his second cause of action for Declaratory Judgment as to Ownership of the cooperative apartment known as and located at 160 East 38th Street, Apartment 2A, New York, New York pursuant to EPTL § 6-2.2(a) is granted; and it is further

ORDERED that the part of plaintiff's motion for summary judgment (MS #3) on his third cause of action for Consequential Relief as to Recording Plaintiff's Ownership of the cooperative apartment known as and located at 160 East 38th Street, Apartment 2A, New York, New York is granted; and it is further

ORDERED AND ADJUDGED that plaintiff and decedent Rhonda Scharf are deemed to have purchased the cooperative apartment known as and located at 160 East 38th Street, Apartment 2A, New York, New York as joint tenants with a right of survivorship; and it is further

ORDERED AND ADJUDGED that upon decedent Rhonda Scharf's death plaintiff acquired sole ownership rights, interests, and shares of the cooperative apartment known as and located at 160 East 38th Street, Apartment 2A, New York, New York and is seized of and entitled in fee to an undivided whole and complete interest in the premises described above and is entitled to possession thereof; and it is further

ORDERED that Defendants Murray Hill and AKAM the Proprietary Lease are directed to issue a new proprietary lease and new stock certificate reflecting that plaintiff is the sole owner of the cooperative apartment known as and located at 160 East 38th Street, Apartment 2A,

New York, New York is and are directed to execute any and all instruments to effectuate such issuance within 30 days of notice of entry of this order; and it is further

ORDERED that plaintiff's motion (MS #3) to dismiss defendants' three counterclaims is granted and the counterclaims are dismissed and the clerk is directed to enter judgment accordingly; and it is further

ORDERED that defendant Estate's motion for partial summary judgment (MS #4) is denied in its entirety.

20240402152418PG0ETZ148D4223637104AE2AB6D32FEE850B94F

| 4/2/2024 | | PAUL A. GOETZ, J.S.C. |
| --- | --- | --- |
| **DATE** | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160898/2021   BRUNWASSER, HAROLD J vs. ESTATE OF RHONDA SCHARF ET AL**          Page 11 of 11
**Motion No.  003 004**

11 of 11